IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**PAUL N.,**

    **Plaintiff,**

v.                                       Case No.: 2:24-cv-00039

**FRANK BISIGNANO,
Commissioner of the
Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 11). Defendant has responded to the Motion, indicating that he neither supports nor opposes the same. (ECF No. 13). Having considered the Motion and attached exhibits, the Court **GRANTS** both Plaintiff's Motion for attorney's fees and counsel's request that the refund due to claimant be effectuated by reducing the total amount of the § 406(b) fees by the amount of refund due.

On August 5, 2024, this Court awarded Plaintiff's counsel $6,500.00 in attorney's fees and $405.00 in costs pursuant to the Equal Access to Justice Act (EAJA) for work expended on behalf of Plaintiff in his request for judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying Plaintiff disability benefits. On remand from this Court, Plaintiff received a favorable decision, which resulted in a substantial award of past-due benefits. (ECF No. 11-2). Plaintiff's counsel now requests fees in the amount of $27,258.50 under a contingent fee agreement wherein

1

Plaintiff agreed to pay counsel up to 25% of past-due benefits recovered. Plaintiff's counsel asks that the contingent fee be paid; he additionally requests that the $6,500 refund required to be paid for the prior award of fees and costs be effectuated by counsel reducing the amount of § 406(b) fees he seeks from the SSA. Once the reduction is done, the net payment to Plaintiff's counsel will total $20,758.50.

Title 42 U.S.C. § 406(b) allows an attorney who successfully represents a social security claimant in an action brought against the Commissioner in federal court to receive a reasonable fee not to exceed 25% of the past-due benefits to which the claimant is entitled. Contingent fee agreements are a common means by which fees are set in Social Security cases. The provisions of the Social Security Act limiting attorney fees to 25% of past-due benefits do not displace contingent fee agreements as long as their terms fall within the statutory maximum. *Gisbrecht v. Barnhardt,* 535 U.S. 789, 793 (2002). Courts are required to perform an independent review of the fee agreements to ensure that "they yield reasonable results in particular cases." *Id.* at 807.

In examining a fee request, "judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar." *Redden v. Celebrezze,* 370 F.2d 373, 376 (4th Cir. 1966). Even where a requested fee falls within the 25% cap, "a reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results ... achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.' *Mudd v. Barnhart,* 418 F.3d 424, 428 (4th Cir. 2005) (quoting

*Gisbrecht,* 535 U.S. at 808). While the fees awarded under § 406(b) are limited to those for court-related work, the reviewing court can consider "as one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level" because this information gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

In this case, Plaintiff's counsel is asking for a net payment made after the previous award is deducted from the total amount of § 406(b) fees requested. Regardless of how the refund and award are handled, this Court will conduct its reasonableness analysis based upon the full amount of § 406(b) fees requested by Plaintiff's counsel, which total $27,258.50. The Commissioner takes no position on the reasonableness of the requested award, or on counsel's request that the refund due claimant be accomplished by deducting the refund amount due from the § 406(b) fee amount. (ECF No. 13).

Here, plaintiff signed a contingent fee agreement stating that he would pay his counsel a fee equal to 25% of all past-due benefits if the SSA favorably decided his claim at the Appeals Council level or at the ALJ hearing level after a decision by the Appeals Council or Federal Court. (ECF No. 11-3). Plaintiff received a favorable ruling after remand from this Court. Counsel states that he expended 31.8 hours winning Plaintiff's appeal, but only seeks compensation for 30 hours. (ECF No. 11-4 at 2). Although the fees requested amount to $908.62 per hour for 30 hours of work, that hourly rate is not outside of a reasonable range in this circuit. *See, e.g., Jones v. Astrue,* No. 1:09cv61-MR, 2012 WL 2568083 (W.D.N.C. June 29, 2012) (awarding § 406(b) attorney's fees in an amount equal to an hourly rate of $1,060.13, and collecting cases in which the hourly rate

3

awarded ranged from $446.41 to $1,021.00); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving a contingency fee agreement with an hourly rate of $1,433.12); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience). In addition, counsel supplied information demonstrating that he has considerable experience in social security disability cases. (ECF No. 11-4 at 1). The work performed by counsel, as detailed in his time records, was appropriate and necessary, and counsel obtained a very favorable outcome for Plaintiff without undue delay.

For these reasons, the Court **GRANTS** the fee request of $27,258.50 pursuant to 42 U.S.C. § 406(b). The Court further **GRANTS** counsel's request that the amount of the refund due claimant—that being $6,500—be deducted from the § 406(b) award, leaving a net payment to counsel of $20,758.50. The Social Security Administration is **ORDERED** to pay the $20,758.50 fee to counsel from the amounts withheld from Plaintiff's past-due benefits and remit to Plaintiff any remaining amounts that were withheld for attorney fees.

The Clerk is directed to provide a copy of this counsel of record.

**ENTERED:** September 11, 2025

Joseph K. Reeder
United States Magistrate Judge